# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 20, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**EVELYN KINSER, WIDOW OF
ORVIL KINSER, DECEASED**
**Claimant Below, Petitioner**

**vs.)   No. 12-0262** (BOR Appeal No. 2046191)
(Claim No. 880066295)

**WEST VIRGINIA OFFICE OF
INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**PENNY'S TRUCKING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Evelyn Kinser, by Reginald D. Henry, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Mary Rich Maloy, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 31, 2012, in which the Board affirmed a July 27, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 12, 2009, Order which denied Mrs. Kinser's request for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Kinser was employed as a coal truck driver by Penny's Trucking, Inc. for nineteen years. Mr. Kinser died on January 12, 2009, and his death certificate list his immediate cause of death as end stage chronic obstructive pulmonary disease with secondary causes being coronary artery disease, sleep apnea, atrial fibrillation, and diabetes. The claims administrator denied Mrs. Kinser's request for dependent's benefits, stating that occupational pneumoconiosis was neither the cause of nor a material factor in Mr. Kinser's death.

The Office of Judges held that occupational pneumoconiosis was not a material contributing factor in the decedent's death. Mrs. Kinser disagrees and asserts that the Occupational Pneumoconiosis Board was wrong about the amount of impairment attributable to occupational pneumoconiosis; therefore, their opinion should be rejected. The West Virginia Office of Insurance Commissioner argues that the record does not support that Mr. Kinser had a substantial pulmonary impairment due to occupational pneumoconiosis at the time of his death. On March 3, 2002, the Office of Judges ordered that Mr. Kinser receive an additional 55% permanent partial disability award due to occupational pneumoconiosis, for a total of 85% in permanent partial disability awards due to occupational pneumoconiosis. On April 7, 2010, Dr. Rasmussen opined that Mr. Kinser suffered from a progressively disabling and ultimately fatal chronic lung disease, which was primarily caused by his cigarette smoking and coal mine dust exposure. He stated that the coal dust exposure was a material contributing cause in Mr. Kinser's death.

On October 1, 2010, Dr. Fino opined that Mr. Kinser died as a result of sepsis, and that his underlying lung disease was not a material contributing factor in Mr. Kinser's death. Members of the Occupational Pneumoconiosis Board testified that Mr. Kinser's x-rays showed minimal to no evidence of occupational pneumoconiosis and that he died from sepsis. Dr. Kinder testified that Mr. Kinser would have died regardless of his coal dust exposure and opined that the coal dust exposure was not a material contributing factor. The Office of Judges noted that Dr. Fino observed that Mr. Kinser had a very fixed obstructive defect, which did not sound like a progressive smoking related disease or progressive coal workers' pneumoconiosis. The Office of Judges held that occupational pneumoconiosis was not a material contributing factor in Mr. Kinser's death. The Board of Review reached the same reasoned conclusions in its decision of January 31, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** November 20, 2013


**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II